NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GIORGIO QUINIONES, | No. 23-15941 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01612-MCE-JDP |
| v. | |
| LG CHEM, LTD., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted October 25, 2024
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Giorgio Quiniones ("Quiniones") appeals the district court's dismissal of his

action against LG Chem, Ltd. ("LG Chem") for lack of personal jurisdiction. We

have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review *de novo* a district court's dismissal for lack of personal

jurisdiction." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "The plaintiff

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

bears the burden of demonstrating that personal jurisdiction is proper." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020). Where the motion is based on written materials rather than an evidentiary hearing, as in this case, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "In this posture, we take as true all uncontroverted allegations in the complaint and resolve all genuine factual disputes in the plaintiff's favor." *Glob. Commodities Trading Grp., Inc.*, 972 F.3d at 1106.

In the absence of an applicable federal statute governing personal jurisdiction, the district court applies the law of the forum state. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (per curiam). Quiniones concedes the lack of general jurisdiction over LG Chem. Because California's long-arm jurisdictional statute is coextensive with the federal Due Process Clause, *id.*, the sole issue on appeal is whether California can exercise specific jurisdiction over LG Chem consistent with federal due process requirements.

We employ a three-part test for specific jurisdiction: (1) The non-resident defendant must purposefully direct his activities to the forum or purposefully avail himself of the privilege of conducting activities in the forum; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The second requirement must be treated as a disjunct, with the "arises out of" half asking about but-for causation and the "relates to" half asking whether the defendant's relationships with the forum state support jurisdiction without a causal showing. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021).

Quiniones does not challenge the district court's holding that his claim does not arise out of LG Chem's contacts with California, and he cannot show that his claim relates to these contacts. Our recent decision in *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496 (9th Cir. 2023), dictates the outcome here. That case, which involved the same defendant and substantially similar facts, concerned a Hawaii resident suing LG Chem following injuries caused by the explosion of an 18650 battery purchased in Hawaii. *Id.* at 501. We held that specific personal jurisdiction over LG Chem failed for lack of relatedness because none of LG Chem's contacts with the forum state of Hawaii could be shown to involve 18650 batteries. *Id.* at 506–07. In addition, we affirmed the denial of jurisdictional discovery seeking evidence of LG Chem's forum contacts related to 18650 batteries. *Id.* at 507–08. We concluded that "even if [LG Chem] sells 18650 batteries to manufacturers for incorporation in consumer products sold in Hawaii, these sales would not be

23-15941

related to purchases of stand-alone batteries by Hawaii consumers." *Id.* at 508.

Quiniones incorrectly characterizes this as dicta. However, it was a necessary part of our reasoning in affirming the denial of jurisdictional discovery. Also unavailing is Quiniones's emphasis on the 18650 battery's inherent risk of thermal runaway. No part of *Yamashita* depended on the notion that the 18650 battery was a riskless product.

Because Quiniones fails to prove the second prong of the due process test for specific personal jurisdiction, we affirm the entry of judgment in favor of LG Chem.

**AFFIRMED.**